# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| MARVIS MCDANIEL IVEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV425-248-RSB |
| | ) | |
| MEMORIAL HEALTH UNIVERSITY MEDICAL CENTER, *et al.*, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| MARVIS MCDANIEL IVEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV425-249-RSB |
| | ) | |
| CITY OF SAVANNAH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| MARVIS MCDANIEL IVEY, R.N., *et al.*, | ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CV425-254-RSB |
| | ) | |
| STEVEN ROSENBAUM, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

MARVIS MCDANIEL                  )
IVEY, R.N.,                      )
                                 )
    Plaintiff,                  )
                                 )
v.                               )                    CV425-319-RSB
                                 )
MARGARET HEAP,                   )
                                 )
    Defendant.                  )

---

MARVIS MCDANIEL IVEY,            )
                                 )
    Plaintiff,                  )
                                 )
v.                               )                    CV426-014-RSB
                                 )
CANDANCE BROCE, *et al.*,        )
                                 )
    Defendants.                 )

---

MARVIS IVEY, R.N.,               )
                                 )
    Plaintiff,                  )
                                 )
v.                               )                    CV426-166-RSB
                                 )
BOARD OF REGENTS OF THE )
UNIVERSITY SYSTEM OF             )
GEORGIA, *et al.*,               )
                                 )
    Defendants.                 )

2

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Marvis McDaniel Ivey has filed several cases in this Court over the last nine months. The first, *Ivey v. Memorial Health Medical Center*, alleged racial and age discrimination by her "potential employer" Memorial Health University Medical Center. *See* CV425-248, doc. 1 at 1 (S.D. Ga. Oct. 15, 2025). The Court granted her motion to proceed *in forma pauperis* ("IFP") and, because her allegations were too vague to state any viable claim, directed her to file an amended complaint. CV25-248, doc. 8. She sought and obtained an extension of time in which to file that amended pleading. CV425-248, docs. 11 & 12. The deadline to comply has long since passed and she has not filed any amended complaint, *see generally* CV425-248, docket, though she has sought the appointment of counsel, *id.* at doc. 13. Since her initial pleading, her filings in that case have included vague allegations of police "interference" and "attacks" and a reference to the same "government

3

human sex traffickers"[1] alleged in her other pleadings discussed below. *See, e.g., id.* at 1.

Ivey's second case, *Ivey v. City of Savannah*, filed the same day as her first, alleges that unknown City of Savannah police officers unconstitutionally detained her using excessive force and intended to murder her "in support of Dekalb County Police Department, government human sex traffickers . . . ." CV425-249, doc. 1 at 1-2 (S.D. Ga. Oct. 15, 2025). She has moved to proceed IFP in that case, and her application includes additional vague allegations of "police violence" by a Dekalb County Police officer, including a reference to some "interference into financial benefits," both "food stamps" and "Medicaid payments." CV425-249, doc. 2 at 2 (S.D. Ga. Oct. 15, 2025). Her motion to appoint counsel in that case includes allegations of "police attacks" carried out by "[a]gents paid to harass, surveillance and to cause injury to plaintiff" in furtherance of a conspiracy. CV425-249, doc. 9 at 1 (S.D. Ga. Nov. 20, 2025).

---

[1]  As discussed below, Ivey's pleadings include numerous references to this vague conspiracy. The various references are frequently emphasized. The Court has omitted all emphases in Ivey's pleadings in the quotations in this Order and Report and Recommendation.

In Plaintiff's third case, *Ivey v. Rosenbaum*, she alleges that she contacted Defendant Steven Rosenbaum, an attorney with the United States Department of Justice, in 2003 "to report conditions of enforced slavery under and performed by the Dekalb County Police Department's Sergeant Brock" and his "agents for government human sex trafficking crimes against Plaintiff." CV425-254, doc. 1 at 2 (S.D. Ga. Oct. 24, 2025). The Complaint, which is purportedly filed on both Marvis Ivey and Marcus Ivey's behalf, alleges Marcus Ivey "was fraudulently prosecuted" and has been prohibited from seeking redress. *Id.* at 3-4. The Complaint further alleges that Marvis Ivey "is kept under illegal, unconstitutional, twenty-four hour surveillance through illegal implants and through police abuse of mentally incapacitated homeless women using their cell phone cameras." *Id.* at 5. Among other things, as relief, the Complaint seeks "mandamus" directing Defendant Rosenbaum to release Marcus Ivey. *Id.* at 6. Although the Complaint identifies both Marvis and Marcus Ivey as Plaintiffs, only Marvis Ivey has signed the Complaint, *id.* at 7, and only she filed an application to proceed IFP, CV425-254, doc. 2 (S.D. Ga. Oct. 24, 2025).

Plaintiff's next Complaint seeks "mandamus to direct prosecution of police offenders" by Margaret Heap, the United States Attorney for the Southern District of Georgia. *Ivey v. Heap*, CV425-319, doc. 1 at 2 (S.D. Ga. Dec. 23, 2025). She also seeks "access to DNA testing . . . to facilitate arrests of police misconduct government human sex trafficking offenders." *Id.* at 3. She attaches a letter addressed to United States Attorney Heap discussing the "severe retaliation to [her] face from paid police agents as direct malice police violence in the night shelter [sic]," indicating her belief that unidentified women "were paid to perform extreme stalking, and otherwise assist police criminals." *Id.* at 7. She has moved to proceed IFP in that case, too. CV425-319, doc. 2 (S.D. Ga. Dec. 23, 2025).

Next, Plaintiff filed a Complaint against officials with the Georgia Department of Human Services alleging issues with her receipt of emergency food stamp benefits. CV426-014, doc. 1 at 1-4 (S.D. Ga. Jan. 16, 2026). She contends that her former roommate at the Union Mission "is the sole suspect" in the theft of her food stamp card, and though she has reported the theft the suspect has not been tracked or prosecuted. *Id.* at 3. She again alleges the existence of "government human sex

trafficking" by both Dekalb County Police and City of Savannah officials. *Id.* at 2. The allegations include "[i]nterference with financial benefits, home invasions attacks, heavy sedation attacks, physical attacks, sexual assaults, [and] thefts." *Id.* at 2-3. Although her allegations are not entirely clear, she seems to allege that the failure to prosecute her former roommate for the theft of her food stamp benefits is part of an ongoing conspiracy, and that the City of Savannah Police aided the theft by administering Ivey "abnormal sedation" so she would not wake up. *See id.* at 3, *see also id.* at 4 (alleging that "defendants have colluded together"). She has also moved to proceed IFP in that case. CV426-014, doc. 2 (S.D. Ga. Jan. 16, 2026) (alleging she is a "victim/survivor of City of Savannah Police [illegible, possibly "violence in,"] government human sex trafficking crimes.").

Plaintiff's most recent Complaint alleges Savannah Mayor Van Johnson, City of Savannah Police, and the City's "paid agents" have committed "crimes, police violence, Internet interference and malice with intent to injury Plaintiff." CV4:26-cv-166, doc. 1 at 2 (S.D. Ga. June 26, 2026). She alleges that some irregularity with her enrollment in a course at the Savannah Technical College is yet another example of the ongoing

"government human sex trafficking" conspiracy either directly raised or alluded to in each of her prior cases. *Id.* at 3. She contends the City, the Mayor, and the police "exercise authority over the Internet and perform interference into Plaintiff Marvis Ivey's use of the Internet for research." *Id.* She further contends that she has been the victim of "sexual assaults, thefts, financial thefts, Internet thefts, evidence thefts, use of heavy sedation crimes to facilitate forcible police sex offenses," and that her son, Marcus Ivey, "is suffering false arrest under fraudulent prosecution." *Id.* She anticipates "invit[ing]" her son, Marcus, to join her case and therefore added him as a plaintiff and victim of the ongoing "government human sex trafficking." *Id.* at 4. Only Plaintiff Marvis Ivey moved to proceed IFP. CV426-166, doc. 2 (S.D. Ga. June 26, 2026).

In reviewing Plaintiff's filings, it appears that she believes that any setback or misfortune that she encounters is the result of a vast conspiracy between various police officers and other government officials. She frequently identifies the Dekalb County Police Department as a bad actor. *See, e.g.*, CV425-248, doc. 13 at 1 (S.D. Ga. Nov. 20, 2025); CV425-249, doc. 1 at 2 (S.D. Ga. Oct. 15, 2025); CV425-254, doc. 1 at 2 (S.D. Ga. Oct. 24, 2025), and raises the existence of "government human sex

trafficking, *see, e.g.*, CV425-319, doc. 1 at 3 (S.D. Ga. Dec. 23, 2025); CV426-014, doc. 2 at 5 (S.D. Ga. Jan. 16, 2026); CV426-166, doc. 3 at 2 (S.D. Ga. June 26, 2026). These types of allegations from Plaintiff Ivey may be relatively new to this Court, but she has been raising them for quite some time in other jurisdictions.

As the United States District Court for the Northern District of Georgia recently observed, Marvis McDaniel Ivey and her son, Marcus Ivey, "[a]cting together and separately . . . have been extremely prolific pro se litigants, initiating dozens of civil rights actions, habeas corpus matters, and other actions and appeals." *Ivey v. Barrie*, 2025 WL 4738923, at *1 (N.D. Ga. Dec. 1, 2025). That Court, more than ten years ago in 2015, noted Plaintiff's established "history of filing frivolous actions and failing to cure deficient pleadings," and recounted at least 14 cases that had been dismissed for either frivolity or failure to comply. *McDaniel-Ivey v. FaceBook*, 2015 WL 13827108, at *3-*4 (N.D. Ga. May 29, 2015). Based on that "long history of filing frivolous lawsuits," Plaintiff Marvis Ivey must "pay the full filing fee before the Clerk dockets any new complaint as a civil action." *McDaniel-Ivey v. Facebook*, 2015 WL 13827109, at *1 (N.D. Ga. June 22, 2015). In other words, she may

not proceed IFP in a civil suit in the Northern District of Georgia.  *Id.*[2]

She has also been warned by that Court that she may not file claims on

behalf of her son, Marcus Ivey, and she may not "mix" claims seeking her

son's release from custody with civil rights claims.  *See Ivey v. Mann*,

2019 WL 8756642, at *1 (N.D. Ga. Feb. 25, 2019).

Not only has Plaintiff repeated much of that improper litigation

behavior in her filings in this Court, as outlined above, but the substance

of many of her allegations has also been considered by the Northern

District of Georgia and found to be frivolous.  In *Ivey v. Grubbs*, Plaintiffs

Marvis McDaniel Ivey and Marcus D. Ivey, "notorious frequent filers,"

initiated a complaint the "gist" of which "seems to be that Plaintiff

Marcus D. Ivey was improperly detained and maliciously prosecuted as

part of a wide-ranging bribery scheme involving several purportedly

racist officers, prosecutors, and judges—including people working in the

Dekalb County Police Department, the Georgia Supreme Court, and the

Office of the Governor of Georgia."  Case No. 1:22-cv-4836-MLB, doc. 8 at

---

[2] The Northern District of Georgia's decision is not an anomaly.  "[P]laintiff has been barred from filing additional actions in the Western District of New York without prior approval."  *Ivey v. Highland Hosp.*, 2012 WL 3776470, at *1 (W.D.N.Y. Aug. 29, 2012); *see also Ivey v. U.S. E.E.O.C.*, 2011 WL 4954260, at *1 (W.D.N.Y. Oct. 11, 2011) (noting that Court's imposition of "a prohibition on future filings without prior permission of the Court.")

1-2 (N.D. Ga. May 12, 2023). The alleged "fantastical scheme" included, "among other things, human trafficking, murders and disappearances covered up by officers, a fraudulent and stolen election, and mass displacement of families from their homes." *Id.* at 2. The Northern District dismissed the complaint, finding the allegations "so baseless, detached from reality, and frivolous that they would not establish the Court's jurisdiction." *Id.* at 3.

Because Plaintiff's litigation conduct in this Court mirrors behavior she has been warned about by other courts, and following the Northern District of Georgia's lead, this Court should require Plaintiff to pay the filing fee in each of her cases before permitting her to proceed. "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir 1986). In particular, "[t]he court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Id.* at 1074. To that end, the court may severely restrict a litigant's filings, but it cannot completely foreclose a litigant from any access to the courts. *Id.*; *see also Watkins v. Dubreuil*,

820 F. App'x 940, 946 (11th Cir. 2020).  Plaintiff's litigation history, both in this case and in other courts, requires the Court to exercise that power here.[3]  Therefore, the Court should require Plaintiff to pay the filing fee in each of her cases.  Pending the District Judge's consideration of this recommendation, the prior Order granting her IFP status in CV425-248 is **VACATED**.  CV425-248, doc. 8, in part.  Her Motions for Leave to Proceed IFP in each of her cases should be **DENIED**.  CV425-248, docs. 2 & 6; CV425-249, doc. 2; CV425-254, doc. 2; CV425-319, doc. 2; CV426-014, doc. 2; CV426-166, doc. 2.  Should the assigned district judge agree with this recommendation, Plaintiff should be afforded 21 days from the date of the district judge's order to pay the filing fee in each of her cases. *See* S.D. Ga. L. Civ. R. 4.2(2).

This R&R is submitted to the district judge assigned to these actions, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties.  The document

---

[3] Further justifying a requirement that Plaintiff pay the filing fee before proceeding with her claims is the appearance that she may have intentionally filed suits in this Court alleging, at least in part, misconduct on the part of Dekalb County actors because of the filing restrictions imposed against her by the Northern District of Georgia.  Dekalb County, Georgia lies in the Atlanta Division of the Northern District of Georgia.  28 U.S.C. 90(a)(2).

12

should be captioned "Objections to Magistrate Judge's Report and Recommendations."

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 1st day of July, 2026.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

13